J-S24007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LYKEITH TUCKER | |
| Appellant | No. 1580 EDA 2014 |

Appeal from the Judgment of Sentence January 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004984-2012

BEFORE:  GANTMAN, P.J., ALLEN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 12, 2015**

Appellant, Lykeith Tucker, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for possession of a controlled substance with the intent to deliver ("PWID"), conspiracy to commit PWID, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possessing instruments of crime ("PIC"); and his bench trial conviction for persons not to possess firearms.[1]  We affirm Appellant's convictions but vacate and remand for resentencing.

In its opinion, the trial court set forth the relevant facts and procedural

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903 (35 P.S. § 780-113(a)(30) related); 6106; 6108; 907; 6105, respectively.

history of this case. Therefore, we have no reason to restate them.[2] We add only that Appellant timely filed post-sentence motions on January 12, 2014, which the court denied by operation of law on May 14, 2014. Appellant timely filed a notice of appeal on May 27, 2014. On May 29, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on June 6, 2014.

Appellant raises four issues for our review:

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTIONS FOR CONSPIRACY, PWID, VUFA 6105, 6106, AND 6108?
>
> WHETHER THE JURY'S VERDICT WAS SO INCONSISTENT AS TO REQUIRE ACQUITTAL ON ALL THE PWID CHARGES?
>
> WHETHER THE TRIAL COURT'S SENTENCE WAS EXCESSIVE DUE TO APPELLANT'S YOUNG AGE?
>
> WHETHER THE TRIAL COURT'S APPLICATION OF THE MINIMUM MANDATORY SENTENCE WAS UNCONSTITUTIONAL?

(Appellant's Brief at 4).[3]

Initially, we observe:

---

[2] The jury returned a verdict on September 19, 2013 (not September 12, 2013). Also, the court sentenced Appellant to five to ten years' imprisonment for PWID; the court did not impose a period of probation for Appellant's PWID conviction.

[3] Appellant also challenges the sufficiency of the evidence to sustain his conviction for PIC in his first issue on appeal.

> [G]enerally…issues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (internal citations and quotation marks omitted). Additionally, "when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925 statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 607 Pa. 690, 3 A.3d 670 (2010) (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa.Super. 2008)). "Such specificity is of particular importance in cases where…the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Gibbs, supra* (holding appellant waived challenge to sufficiency of evidence where appellant failed to specify in Rule 1925(b) statement which convictions, and which elements of those crimes, he was challenging on appeal; fact that trial court addressed appellant's sufficiency claim in its opinion was of no moment to waiver analysis).

Instantly, Appellant presented his sufficiency claim in his Rule 1925(b) statement as follows: "[T]he evidence was insufficient to convict [Appellant] of all charges, which is further strengthened by the jury's split verdict." (Appellant's Rule 1925(b) Statement, filed 6/6/14, at 1). Significantly, Appellant failed to specify which elements of each of his convictions he sought to challenge on appeal. *See id.* The fact that the trial court addressed Appellant's sufficiency claims in its opinion is immaterial. *Id.* Appellant's failure to specify in his Rule 1925(b) statement the precise bases for his sufficiency claims waives Appellant's first issue on appeal. *See Hansley, supra*; *Gibbs, supra*.

Moreover, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Lisette Shirdan-Harris, we conclude that even if Appellant had properly preserved his first issue on appeal in his concise statement, it would still afford Appellant no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's sufficiency challenge. The trial court opinion likewise thoroughly addresses and correctly resolves Appellant's second issue on appeal concerning the jury's alleged inconsistent verdicts. (**See** Trial Court Opinion, filed August 15, 2014, at 4-8; 9-10) (finding: **(1)** regarding Appellant's PWID conviction, at time of Appellant's arrest, police recovered on Appellant's person eight packets of crack cocaine, eleven packets of marijuana, and loaded firearm; additionally, police observed

Appellant's accomplice exchange crack cocaine for cash with two buyers, just prior to Appellant's arrest; Appellant used two accomplices to distribute crack cocaine from his drug stash to prevent officers from observing Appellant physically exchange drugs with buyers; Officer Stewart saw Appellant go into alley where officer believed Appellant kept his drug stash; shortly after emerging from alley, police arrested Appellant and found drugs and firearm on his person; regarding Appellant's conspiracy conviction, Officer Stewart watched Appellant's accomplice take cash from two individuals, walk into alley where officer suspected Appellant and his accomplices hid drug stash, and return with packets of crack cocaine; backup officers arrested Appellant after he later emerged from alley, and recovered on Appellant's person loaded firearm and same type of crack cocaine that Appellant's accomplice had distributed to buyers; regarding Appellant's PIC conviction, police recovered loaded handgun on Appellant's person, as well as multiple packets of marijuana and crack cocaine; evidence demonstrated Appellant carried loaded firearm to protect his drug stash, showing Appellant's intent to employ firearm criminally; regarding Appellant's conviction for persons not to possess firearms, Appellant has record for previous PWID offense,[4] so he is ineligible to possess firearm;

_____

[4] The parties stipulated Appellant had juvenile adjudications for PWID, firearms not to be carried without a license, and possession of a firearm by a minor.

regarding Appellant's conviction for firearms not to be carried without license, Appellant lacked valid license to carry firearm;[5] regarding Appellant's conviction for carrying firearms on public streets or public property in Philadelphia, Appellant had no license to carry firearm, and police arrested Appellant on public street in Philadelphia and recovered loaded firearm on Appellant's person; Commonwealth presented sufficient evidence to sustain each of Appellant's convictions; **(2)** police conducted surveillance of Appellant's drug activities on February 22, 2012, and February 23, 2012; Officer Stewart testified he observed Appellant selling drugs on February 22nd, but police were unable to apprehend Appellant or recover physical evidence on Appellant's person that night because Appellant fled scene; jury acquitted Appellant of crimes related to events of February 22nd; by contrast, police were able to apprehend Appellant on February 23rd after Officer Stewart saw Appellant and his accomplices participate in two drug deals; police recovered crack cocaine, marijuana, and loaded firearm on Appellant's person that evening; jury determined Commonwealth presented sufficient evidence to convict Appellant on all charges related to events of February 23rd; verdicts were not inconsistent, and Appellant's claim merits no relief). Accordingly, Appellant's first issue is waived based on his vague concise statement. Even if Appellant had properly preserved his sufficiency

---

[5] The parties also stipulated Appellant did not have a license to carry a firearm.

claim, his first issue would still afford no relief.  With respect to Appellant's second issue on appeal, we affirm on the basis of the trial court's opinion.[6]

In his third issue on appeal, Appellant asserts he was twenty years old at the time he committed the offenses at issue, and twenty-two years old at the time of sentencing.  Appellant argues the trial court should have considered Appellant's relative youth when fashioning Appellant's sentence. Appellant explains the court imposed an aggregate sentence of seven (7) to fourteen (14) years' imprisonment, plus five (5) years' probation.  Appellant indicates the trial court reasoned the sentence was appropriate based on Appellant's "questionable rehabilitative potential."  Appellant suggests no one as young as Appellant is beyond rehabilitation.  Appellant insists the court's remarks about Appellant's "questionable rehabilitative potential" demonstrate the court failed to consider Appellant's young age upon sentencing.  As presented, Appellant's claim implicates the discretionary aspects of sentencing.  *See **Commonwealth v. Berry***, 785 A.2d 994 (Pa.Super. 2001) (explaining allegation that court failed to consider specific mitigating factor implicates discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that court ignored mitigating factors challenges sentencing court's discretion).

_____

[6] The correct citation for ***Commonwealth v. Devine*** is 26 <u>A.3d</u> 1139 (Pa.Super. 2011), *appeal denied*, 615 Pa. 783, 42 A.3d 1059 (2012).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Before we review a discretionary aspects of sentencing claim:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original) (internal

- 8 -

quotation marks omitted). Failure of the defendant to include the requisite Rule 2119(f) statement constitutes waiver of a challenge to the discretionary aspects of a sentence if the Commonwealth objects to omission of the statement. *Commonwealth v. Bruce*, 916 A.2d 657 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

What constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. An allegation that the sentencing court failed to consider a specific mitigating factor generally does not raise a substantial question. *Berry, supra* at 996.

Instantly, Appellant failed to include the requisite Rule 2119(f) statement in his appellate brief, and the Commonwealth objected to this omission. Consequently, Appellant's challenge to the discretionary aspects of his sentence is waived. *See* Pa.R.A.P. 2119(f); *Bruce, supra*. Moreover, even if Appellant had properly preserved his claim it would nevertheless preclude appellate review because it does not pose a substantial question. *See Berry, supra*. Furthermore, the record belies Appellant's claim. The trial court expressly stated it considered Appellant's young age at the time of

the crimes and sentencing; but Appellant's questionable rehabilitative potential outweighed any mitigation due to Appellant's young age. (*See* Trial Court Opinion at 12.) Therefore, Appellant's third issue merits no relief.

In his fourth issue, Appellant argues the court imposed a mandatory minimum sentence for his PWID conviction, based on Appellant's possession of a firearm during a crime involving a controlled substance.[7] Appellant asserts the court's imposition of the mandatory minimum sentence was unlawful in light of the United States Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). Appellant acknowledges that his possession of a firearm was an issue at trial based on Appellant's charges for violations of the Uniform Firearms Act. Nevertheless, Appellant contends possession of a firearm was not an element of the crime for his PWID charge, so the jury could not have found beyond a reasonable doubt that Appellant possessed a firearm, in connection with Appellant's PWID offense. Since *Alleyne*, Appellant asserts this Court has expressly declared unconstitutional in its entirety the mandatory minimum sentencing statute imposed in this case.

_____

[7] Appellant states the court imposed the mandatory minimum sentence at 42 Pa.C.S.A. § 9712 (sentences for offenses committed with firearms). The relevant mandatory minimum sentencing statute is 42 Pa.C.S.A. § 9712.1 (sentences for certain drug offenses committed with firearms).

To the extent the court might have also imposed a mandatory minimum sentence based on the "drug-free school zones" statute, Appellant contends the court's imposition of that mandatory minimum sentence was similarly unlawful in light of **Alleyne** and its progeny.[8]  Appellant concludes the court's imposition of a mandatory minimum sentence for his PWID conviction violated **Alleyne**, and this Court must vacate and remand for resentencing. We agree Appellant is entitled to relief on this issue.

Our standard of review is as follows:

> Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence.  Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute.  Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa.Super. 2012), *appeal denied*, 617 Pa. 629, 53 A.3d 756 (2012) (quoting **Commonwealth v. Brougher**, 978 A.2d 373, 377 (Pa.Super. 2009)).

Section 9712.1 sets forth the mandatory minimum sentence imposed in this case, as follows:

> **§ 9712.1.  Sentences for certain drug offenses committed with firearms**

_____

[8] Appellant also mentions a mandatory minimum sentence based on the weight of the drugs involved.  Nevertheless, the record makes clear the court did not impose the mandatory minimum sentence under 18 Pa.C.S.A. § 7508 (drug trafficking sentencing and penalties).

> **(a) Mandatory sentence.**—Any person who is convicted of [PWID] when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

> \* \* \*

> **(c) Proof at sentencing.**—Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, **by a preponderance of the evidence**, if this section is applicable.

42 Pa.C.S.A. § 9712.1 (emphasis added) (internal footnote omitted).

Additionally, the "drug-free school zone" statute provides, in pertinent part:

> ### § 6317. Drug-free school zones
>
> **(a) General rule.—**A person 18 years of age or older who is convicted in any court of this Commonwealth of…[PWID] shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and

Cosmetic Act or other statute to the contrary. The maximum term of imprisonment shall be four years for any offense:

(1)    subject to this section; and

(2)    for which The Controlled Substance, Drug, Device and Cosmetic Act provides for a maximum term of imprisonment of less than four years.

If the sentencing court finds that the delivery or possession with intent to deliver was to an individual under 18 years of age, then this section shall not be applicable and the offense shall be subject to section 6314 (relating to sentencing and penalties for trafficking drugs to minors).

**(b)    Proof at sentencing.—**The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine **by a preponderance of the evidence** if this section is applicable.

18 Pa.C.S.A. § 6317 (emphasis added) (internal footnote omitted).

In **Alleyne**, the Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. **See Alleyne, supra**. In **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), this Court addressed the constitutionality of Section 9712.1 in light of **Alleyne**. Relying on **Alleyne**, **Newman** held that

Section 9712.1 can no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." **Newman, supra** at 98. This Court further held that the subsections of Section 9712.1 are so "essentially and inseparably connected" that severance of the statute is not possible, rendering the entire statute unconstitutional. **Id.** at 102. Thus, this Court vacated Newman's PWID sentence and remanded for resentencing without imposition of the mandatory minimum under Section 9712.1.[9] **See also Commonwealth v. Bizzel**, 107 A.3d 102 (Pa.Super. 2014) (relying on **Newman** and holding drug-free school zone statute at Section 6317 is unconstitutional and cannot be severed); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014) (extending logic of **Alleyne** and **Newman** to Sections 9712 and 9713 and holding those sections are likewise unconstitutional insofar as they permit automatic increase of defendant's sentence based on preponderance of evidence standard; Commonwealth and trial court's attempt to cure unconstitutional provisions of statutes by including questions on verdict sheet regarding whether defendant possessed firearm and whether robbery

_____

[9] This Court also made clear that **Alleyne** is subject to limited retroactivity; in other words, **Alleyne** is applicable only to criminal cases still pending on direct review. **Id.** at 90. Because Newman's case was still pending on direct appeal, the holding in **Alleyne** applied.

- 14 -

occurred in or near public transportation, did not remedy fundamental unconstitutionality of statutes; in presenting those questions to jury, trial court performed impermissible legislative function by creating new procedure in effort to impose mandatory minimum sentences in compliance with **Alleyne**; trial court lacked authority to allow jury to determine factual predicates of Sections 9712 and 9713, where statutes are not severable and are unconstitutional in their entireties).

Instantly, the jury found Appellant guilty of, *inter alia*, PWID for his drug related activities on February 23, 2012. The verdict sheet specifically asked the jury to answer the following questions: (1) at the time of the offense, was Appellant in physical possession or control of a firearm?; (2) Was a firearm in close proximity to the controlled substance?; (3) Was Appellant within 1,000 feet of the real property of a school? (Verdict Sheet, dated 9/18/13, at 1). The jury answered each of these questions affirmatively.

At sentencing, the court did not expressly state which mandatory minimum sentence it applied, but the court indicated that Appellant's PWID conviction carried a mandatory minimum sentence of five (5) to ten (10) years' imprisonment.[10] **See** 42 Pa.C.S.A. § 9712.1. Nevertheless, by asking the jury to find beyond a reasonable doubt the factual predicates for the

_____

[10] In its opinion, the court states it imposed the mandatory minimum sentence at Section 9712.1. (**See** Trial Court Opinion at 11, 13.)

mandatory minimum sentences at Sections 9712.1 and 6317, the trial court performed an impermissible legislative function, as the relevant statutes are not severable, and are unconstitutional in their entireties. *See Newman, supra*; *Bizzel, supra*; *Valentine, supra*. Therefore, the court's imposition of the mandatory minimum sentence at Section 9712.1 was unlawful. To the extent the court also imposed the mandatory minimum sentence at Section 6317, that action was likewise improper. Accordingly, we affirm Appellant's convictions, but we vacate the judgment of sentence and remand for resentencing without imposition of a mandatory minimum sentence.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2015

Circulated 06/04/2015 10:03 AM



FILED

AUG 1 5 2014

Criminal Appeals Unit
First Judicial District of PA

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | PHILADELPHIA COUNTY |
| | : | |
| | : | CP-51-CR-0004984-2012 |
| v. | : | |
| | : | |
| LYKEITH TUCKER | : | SUPERIOR COURT NO.: |
| | : | 1580 EDA 2014 |

## OPINION

### I. Procedural History

On September 12, 2013, following a two day jury trial, the defendant, Lykeith Tucker

("Defendant") was found guilty of Possession with Intent to Distribute ("PWID") (35 Pa.C.S. §

780-113(a)(30)), Criminal Conspiracy (18 Pa.C.S. § 903(c)), Possession of a Firearm Prohibited

(18 Pa.C.S. § 6105), Possession of a Firearm without a License (18 Pa.C.S. § 6106), Carrying a

Firearm on Public Streets in Philadelphia (18 Pa.C.S. § 6108), and Possession of an Instrument

of a Crime ("PIC") (18 Pa.C.S. § 907(a)). On January 10, 2014, this Court imposed an aggregate

sentence of seven to fourteen years, plus five years reporting probation. Defendant received the

mandatory minimum sentence of five to ten years for PWID followed by five years of reporting

probation; a concurrent term of two to four years for Criminal Conspiracy; a concurrent term five

to ten years for Possession of a Firearm Prohibited; a consecutive term of two to four years for

Possession of a Firearm without a License; a consecutive term of five years reporting probation

for Carrying a Firearm on Public Streets in Philadelphia; and, a concurrent term of five years

reporting probation for PIC. Defendant has now appealed the verdict and judgment of sentence entered by this Court on the following grounds:

1) The weight of the evidence shows that Defendant should have been found not guilty of all charges.

2) The evidence was insufficient to convict Defendant of all charges.

3) The jury gave an inconsistent verdict.

4) The sentence was excessive due to Defendant's young age.

5) The mandatory minimums should not have applied due the Supreme Court's decision in Alleyne v. United States.

See Statement of Errors Complained of on Appeal ("Statement of Errors").

## II. Factual Background

At trial, the Commonwealth presented the testimony of Officers Barry Stewart, Patrick DiDeminico, John Merrigan, Justin Falcone, and Lawrence Flagler. Additionally, by way of stipulation, the Commonwealth offered the testimony of narcotic experts Ninan Vargughese, Sajju Philip, Anita Bose, and Bridget Brennan. The defense did not present any evidence. Viewing their testimony in the light most favorable to the Commonwealth as the verdict winner, the following facts were established.

On February 22, 2012, at approximately 11:00 PM, Officer Barry Stewart was conducting plainclothes surveillance on the 4200 block of Otter Street in West Philadelphia. N.T. 09/18/14 at 33-34. At approximately 11:10 PM, Officer Stewart observed an individual, Kevin Harrison, give an unknown amount of United States currency to Defendant. Id. at 35. In exchange for this currency, Defendant gave unknown small objects to Mr. Harrison. Id. at 35.

2

Officer Stewart then instructed the backup officers to stop Mr. Harrison, after he had left Defendant, as part of the investigation. Id. at 36.

At approximately 11:30 PM, Officer Stewart observed another individual, Steven Robinson, also give Defendant United States currency in exchange for unknown small objects. Id. at 36. Once again, Officer Stewart relayed to the backup officers to stop Mr. Robinson, following the transaction, as part of the investigation. Id. at 36. Ten minutes later, at approximately 11:40 PM, Officer Stewart observed a female, Lucille Libson, approach Defendant and give him United States currency in exchange for unknown small objects. Id. at 40. Officer Stewart relayed to the backup officers to stop Ms. Libson's vehicle following the transaction. Id. at 40. Then at approximately 11:50 PM, Officer Stewart observed Defendant get into a burgundy sedan. Id. at 37. Officer Stewart instructed the backup officers to move in for the arrest, but before they could apprehend Defendant, he jumped out of the vehicle and evaded capture. Id. at 37. At Headquarters, Officer Stewart positively identified both Mr. Harrison and Mr. Robinson as participants in the exchange that he had observed during the investigation. Id. at 38. The unknown objects recovered from all three individuals tested positive for cocaine. Id. at 114-115.

The next day, Officer Stewart returned to the 4200 block of Otter Street to conduct further plainclothes surveillance. Id. at 38. At approximately 7:00 PM, he observed Defendant standing on the corner with two other individuals, Hikine Jones and John Crumbs. Id. at 41. Around 7:10 PM, Clifford Brinkley approached the three individuals, had a brief conversation, and then handed Mr. Jones U.S. currency. Id. at 43. Mr. Jones went to an alley, and when he returned, he gave Mr. Brinkley unknown small objects. Id. at 43. Officer Stewart relayed this information to the backup officers, who stopped Mr. Brinkley, after the exchange, as part of their

3

narcotics investigation. Id. at 43. At approximately 7:20 PM, another individual, Michael Massey, approached Defendant and his two accomplices. Id. at 44. Mr. Massey gave U.S. currency to Mr. Jones, who then went into the alley and returned with unknown small objects. Id. at 44. Once Mr. Jones gave these unknown small objects to Mr. Massey, Officer Stewart instructed the backup officers to stop this individual as he walked up the street. Id. at 45. Ten minutes later, Officer Stewart observed Defendant go into the alley where the three individuals were believed to be storing the drug stash. Id. at 46. Officer Stewart then instructed the backup officers to arrest Defendant, Mr. Jones, and Mr. Crumbs. Id. at 46. Officer Justin Falcone, one of the backup officers, arrested Defendant and recovered a .380 handgun, loaded with five rounds, and fifty-five dollars in U.S currency. Id. at 98-100, 108. Officer Falcone also recovered one sandwich bag containing eight green-tinted packets of crack cocaine and eleven packets of marijuana from Defendant's person. Id. at 102. These green-tinted packets of crack cocaine were identical to the green-tinted packets recovered from the five individuals stopped by the officers during the investigation. Id. at 70, 72, 80, 82, 86. All of the packets recovered during the investigation tested positive for cocaine. Id. at 114-117.

### III. Discussion

#### A. Sufficiency of Evidence Claim

Defendant argues that the evidence was insufficient to convict on all charges, but this insufficiency challenge lacks merit. See Statement of Errors. When reviewing a challenge to the sufficiency of the evidence, the Court must determine whether the evidence at trial, viewed in the light most favorable to the verdict winner, was sufficient to enable the fact-finder to find every element beyond a reasonable doubt. Commonwealth v. DiStefano, 782 A.2d 574, 582 (Pa. Super. 2001). In applying this test, the Court may not weigh the evidence and substitute its own

4

judgment in place of the judgment of the fact-finder. Id. The fact-finder, while passing judgment upon the credibility of the witnesses and weight of the evidence produced, is "free to believe all, part, of none of the evidence." Id. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Id. "If the record contains support for the verdict, it may not be disturbed." Commonwealth v. Adams, 882 A.2d 496, 499 (Pa. Super. 2005).

### 1. PWID

The evidence at trial was sufficient to enable the jury to find Defendant guilty of PWID. Under the Controlled Substance, Drug, Device, and Cosmetic Act, a person is guilty of PWID if he possesses a controlled substance with intent to deliver that controlled substance. 35 Pa.C.S. § 780-113(a)(30). Cracked cocaine and marijuana are considered controlled substances under the act. 35 Pa.C.S. § 780-102. When Defendant was arrested, he was in possession of eight packets of crack cocaine and eleven packets of marijuana. Additionally, before Defendant's arrest, Officer Stewart observed Defendant's accomplice exchange crack cocaine for U.S. currency with two individuals. Defendant's intent to deliver is shown through his use of two minor accomplices to distribute crack cocaine from his stash in order to prevent officers from observing him physically exchange the drugs with his customers. When Officer Stewart witnessed Defendant go to the alley where he believed the stash was hidden, he instructed the backup officers to arrest Defendant, who was in possession of a loaded firearm and the packets of cocaine and marijuana. Defendant was found in possession of a controlled substance that he intended to distribute using his minor accomplices. Therefore, there was clearly sufficient evidence to convict Defendant of PWID and this Court did not err.

5

## 2. *Criminal Conspiracy*

The evidence at trial was also sufficient to enable the jury to find Defendant guilty of criminal conspiracy. To sustain a conviction for criminal conspiracy, the Commonwealth must establish that Defendant "(1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy." Commonwealth v. Devine, 26 A.2d 1139, 1147 (Pa. Super. 2011). "Defendant's intent as well as the agreement is almost always proven through circumstantial evidence, such as by the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." Commonwealth v. Murphy, 844 A.2d 1228, 1238 (Pa. 2004).

On February 23, 2012, Officer Stewart witnessed Defendant's accomplice, Hikine Jones, take U.S currency from two individuals, go back into the alley on the 4200 block of Otter Street, and return with packets of crack cocaine. Since Officer Stewart suspected that Defendant and his minor accomplices were hiding their drug stash in that alley, he instructed the backup officers to arrest Defendant as soon as he went back into the alley and returned to the corner. These facts demonstrated that: 1) Defendant entered into an agreement with his co-conspirators to sell crack cocaine on the corner of 4200 block of Otter Street, 2) Defendant intended to work in concert to sell that crack cocaine, and 3) Defendant and his co-conspirators committed an overt act in furtherance of that crime by selling the crack cocaine to two individuals. After returning from the alley, Defendant was in possession of a loaded handgun and the same type of crack cocaine being distributed by his accomplices. These factors established sufficient circumstantial evidence for the jury to find Defendant guilty of criminal conspiracy.

6

### 3. PIC

The evidence at trial was also sufficient to enable the jury to find Defendant guilty of PIC. A person is guilty of PIC if he "possesses a firearm or other weapon" with "intent to employ it criminally." 18 Pa.C.S. § 907(b). Although criminal intent can be inferred beyond a reasonable doubt from the surrounding circumstances, it cannot be inferred from mere possession. Commonwealth v. Moore, 381 A.2d 845 (1978). The term firearm is defined as any weapon that is "designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S. § 6105(i). As the evidence established above, police officers arrested Defendant on February 23, 2012 and recovered a loaded .380 handgun, eight packets of crack cocaine, and eleven packets of marijuana. A .380 handgun would be classified as the type of firearm prohibited by this statute. Defendant was carrying the loaded handgun in order to protect his drug stash, demonstrating his intent to employ the firearm criminally. Therefore, there was sufficient evidence for the jury to find Defendant guilty of PIC and this Court did not err.

### 4. Possession of a Firearm Prohibited

The evidence at trial was also sufficient to find Defendant guilty of possession of a firearm prohibited. The crime states that a person previously convicted of a felony may not "possess, use, control, sell, transfer, or manufacture a firearm" in this Commonwealth. 18 Pa.C.S. § 6105. In order to obtain a conviction under §6105, the Commonwealth must prove beyond a reasonable doubt that Defendant possessed a firearm after being convicted of an enumerated offense (felony) that prohibits him from "possessing, using, controlling, or transferring a firearm." Commonwealth v. Thomas, 988 A.2d 669 (Pa. Super. Ct. 2009). Defendant had a previous conviction for PWID, so he is ineligible under § 6105 to possess a

7

firearm in the Commonwealth. N.T. 09/19/2013 at 17. Since the jury found Defendant guilty of PIC, there was sufficient evidence for the judge to find him guilty of possessing a firearm prohibited.

### 5. Possession of a Firearm without a License

The evidence at trial was also sufficient to sustain a conviction for possession of a firearm without a license. A person is guilty of this offense if he carries a firearm without a valid license. Pa.C.S. § 6106(a). As a convicted felon, Defendant was not able to validly possess a firearm under § 6105. Therefore, since Defendant could not obtain a valid license due to his prior conviction, there was sufficient evidence for the jury to find Defendant guilty of possession of a firearm without a license, and this Court did not err.

### 6. Carrying a Firearm on Public Streets in Philadelphia

The evidence at trial was also sufficient to for the jury to find Defendant guilty of carrying a firearm on public streets in Philadelphia. Under § 6108, no person shall carry a firearm on the public streets of Philadelphia unless he is licensed to carry that firearm. 18 Pa.C.S. § 6108. As a convicted felon, Defendant was clearly not licensed to carry a firearm when he was arrested on a public street in Philadelphia with a loaded gun in his possession in the instant case. Therefore, there was sufficient evidence for the jury to find Defendant guilty of carrying a firearm on public streets in Philadelphia.

### B. Weight of the Evidence Claim

Defendant next claims that the verdict was against the weight of the evidence, but this challenge also lacks merit. See Statement of Errors. An appellate review of a weight of the evidence claim is a "review of the exercise of discretion, not of the underlying question of

8

whether the verdict is against the weight of the evidence." Commonwealth v. Brown, 648 A.2d 1177, 1189 (2000). A new trial should not be granted because a "mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." Commonwealth v. Widener, 744 A.2d 745, 752. A new trial should only be awarded when the jury's verdict is "so contrary to the evidence as to shock one's sense of justice" and a new trial is "imperative" to correct that injustice. Brown, 648 A.2d at 1189.

The evidence outlined above clearly established that defendant was guilty of PWID, conspiracy, PIC, possession of a firearm prohibited, possession of a firearm without a license, and carrying a firearm on public streets in Philadelphia. Since Defendant was found in possession of crack cocaine, marijuana, and a loaded handgun after Officer Stewart witnessed him and his accomplice selling crack, Defendant cannot argue that the verdict "shocked one's sense of justice." Therefore, the Court did not abuse its discretion in denying defendant's motion for a new trial, as the verdict was not against the weight of the evidence.

## C. The Jury Gave an Inconsistent Verdict

Defendant also argues that "the jury gave an inconsistent verdict" since the jury found Defendant not guilty of the charges related to the February 22nd investigation, but guilty of the charges from the February 23rd investigation. See Statement of Errors. This claim is without merit. The Court begins "with the presumption that jury verdicts are consistent" and "consistency will be presumed unless there is no reasonable theory to support the jury's verdict." Ferrick Excavating and Grading Co. v. Senger Trucking Co., 484 A.2d 744, 746 (1984). The Court "will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." Commonwealth v. Frisbie, 889 A.2d 1271, 1273 (Pa. Super. Ct. 2005). "Inconsistent verdicts, while often perplexing, are not considered mistakes and

9

do not constitute a basis for reversal." Commonwealth v. Petteway, 847 A.2d 713, 718 (Pa. Super. Ct. 2004).

In this instance, the jury's verdict was not inconsistent. Officer Stewart conducted his surveillance on both February 22nd and February 23rd. Even though Officer Stewart testified that he witnessed Defendant selling crack cocaine on February 22nd, the backup officers were unable to apprehend Defendant and recover any crack cocaine in his possession on that night. Therefore, the jury may not have believed that there was sufficient evidence to sustain a conviction against Defendant for the surveillance conducted on February 22nd. In contrast, on February 23rd, the police were able to apprehend Defendant after he and his accomplice participated in two drug deals. These police officers recovered crack cocaine, marijuana, and a loaded handgun from Defendant. The jury believed that this evidence was sufficient enough to convict Defendant of all the charges related to the February 23rd surveillance. Therefore, the jury verdict was not inconsistent, this claim lacks merit, and the Court did not err.

### D. Excessive Sentence

Defendant also argues that the sentence was excessive due to Defendant's young age, but this claim also lacks merit. See Statement of Errors. Sentencing is a matter "within the sound discretion of a trial court." Commonwealth v. Simpson, 510 A.2d 760 (1986). The trial court, however, must exercise its discretion in view of statutory guidelines and considerations. Commonwealth v. Hollerbush, 444 A.2d 1235 (1982). When exercised in light of these guidelines and considerations, the sentence will not be disturbed by an appellate court "unless it is so clearly excessive as to constitute an abuse of discretion." Hollerbush, 444 A.2d at 1240.

10

Based on the applicable sentencing guidelines, Defendant's sentence was not excessive, and this Court did not abuse its discretion. First, for PWID charge (35 Pa.C.S. § 780-113(a)(30)), with an Offense Gravity Score ("OGS") of six and the Prior Record Score ("PRS") of five, the sentencing guidelines called for a minimum sentence of eighteen to twenty-four months (with a three month variance). However, since Defendant was guilty of possessing a firearm while committing PWID, he was subject to the mandatory minimum sentence of five to ten years under §9712. 42 Pa.C.S. § 9712.1. As for the criminal conspiracy (18 Pa.C.S. § 903(c)), given the OGS of six and the PRS of five, the sentencing called for a minimum between twelve to eighteen months (with a three month variance). Defendant was sentenced, within the guidelines, to a concurrent term of two to four years on that charge. As for the possession of a firearm prohibited (18 Pa.C.S. § 6105), given the OGS of ten and the PRS of five, the sentencing guidelines called for a minimum of five to six years (with a twelve month variance). For this conviction, Defendant was sentenced, within the guidelines, to a concurrent term of five to ten years. For possession of a firearm without a license (18 Pa.C.S. § 6106(a)(1)), given the OGS of nine and PRS of five, the sentencing guidelines called for a minimum between one and a half to two years (with a twelve month variance). The judge sentenced Defendant to a consecutive term of two to four years, well within the guidelines.

As for carrying a firearm on public streets in Philadelphia (18 Pa.C.S. § 6108), given the OGS of five and PRS of five, the sentencing guidelines called for a minimum sentence of twelve to eighteen months (with a three month variance). For this charge, Defendant was sentenced to a consecutive term of five years reporting probation which is still within the five year statutory maximum for misdemeanor 1 offenses. See 18 Pa.C.S.A. § 1104. Finally, for possession of an instrument of crime (18 Pa.C.S. § 907(a)), considering the OGS of four and the PRS of five, the

11

sentencing guidelines called for a minimum sentence of nine to sixteen months (with a three month variance). For this charge, Defendant received a sentence of five years probation to be served concurrently, which is greater than the minimum recommended by the sentencing guidelines, but still within the statutory five year maximum for misdemeanor 1 offenses. This Court explained both deviations from the guidelines as being attributable to the "defendant's questionable rehabilitative potential". N.T. 01/10/14 at 10.

Defendant also argues that the Court did not take into consideration his young age at the time of the incident and sentencing. The Court took all relevant factors into consideration, but still imposed this sentence due to Defendant's questionable rehabilitative potential, which outweighed any mitigation due to his age. Id. There was no abuse of discretion by this Court in imposing the sentence; Defendant's claim is without merit; and this Court did not err.

### E. Claim that Mandatory Minimums are Unconstitutional

Finally, Defendant claims that mandatory minimums should not have applied in this case due to the United States Supreme Court's decision in Alleyne. Alleyne v. United States, 133 S.Ct. 2151 (2013). However, Defendant failed to properly interpret Alleyne. In Alleyne, the Supreme Court held that any fact that increases a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. Id. Defendant in Alleyne was convicted of using a firearm in a violent crime, which carried a mandatory minimum of five years. Id. at 2155-2156. However, if Defendant was found to have brandished the gun during the crime, the mandatory minimum would rise to seven years. Id. at 2155. During sentencing, the judge determined that Defendant had brandished the gun, so the judge applied the seven-year mandatory minimum. Id. at 2156. The Supreme Court held that Defendant's Sixth Amendment

12

rights were infringed since the elements of brandishing a firearm were not presented to the jury nor found beyond a reasonable doubt. Id. at 2163-2164.

The Alleyne decision does not abolish all mandatory minimum sentences, as Defendant alleges in his Statement of Errors. In Commonwealth v. Watley, the Pennsylvania Supreme Court interpreted and applied the Alleyne decision when determining that the mandatory minimum sentence for 42. Pa.C.S. § 9712.1 (drug offenses committed with firearms) still applied to a defendant convicted of PWID and two firearm offenses. Commonwealth v. Watley, 81 A.3d 108 (Pa. 2013). In Watley, police officers recovered Ecstasy pills and two firearms from Defendant's vehicle after stopping him for speeding. Id. at 111-112. Defendant was convicted of PWID, conspiracy, and two counts of firearms not to be carried without a license. Id. at 112. The court imposed a mandatory minimum sentence of five years pursuant to 42. Pa.C.S. § 9712.1, which Defendant challenged based on the Alleyne ruling. Id. at 112-113. The court in Watley found that the jury rendered specific findings to the firearm charges, so the facts necessary to establish the mandatory minimum sentence were determined by the jury and essentially undisputed beyond a reasonable doubt. Id. at 121. Therefore, the court refused to overturn Defendant's mandatory minimum sentence under § 9712.1. Id.

Similarly, in the instant case, the jury found Defendant guilty of PWID, conspiracy, possession of a firearm prohibited, possession of a firearm with a license, carrying a firearm on public streets of Philadelphia, and PIC beyond a reasonable doubt. Just like the jury in Watley, this jury found all the facts necessary to convict Defendant of the firearm charges, which triggered the application of the mandatory minimum under § 9712.1. Therefore the mandatory minimum sentence applied in this case is not invalidated by Alleyne because this Court did not

13

determine any additional elements. The facts were submitted to the jury and proven beyond a reasonable doubt.  Accordingly, this Court did not err.

## IV. Conclusion

For all of the foregoing reasons, the Court's judgment of sentence should be affirmed.

BY THE COURT:

Date:   August 14, 2014

Lisette Shirdan-Harris, J.

14

Com. v. Lykeith Tucker                        Case Number  CP-51-CR-0004984-2012

Type of Order: Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and the manner indicated below, which service satisfies the requirements of PA. R. Crim. P. 114:


Defense Counsel:       Mr. Zachary C. Shaffer, Esq.
                       Montoya Shaffer, LLC
                       Land Title Building
                       100 S. Broad Street, Suite 1216
                       Philadelphia, PA 19110


Type of Service:       ( ) Personal    ( x ) First Class Mail  ( ) Other, please specify:


District Attorney:     Hugh J. Burns, Jr., Esq.
                       Chief, Appeals Unit
                       District Attorney's Office
                       Three South Penn Square
                       Philadelphia, PA 19107


Type of Service:       ( x ) Personal  ( ) First Class Mail    ( ) Other, please specify:


Dated:          August 14, 2014



The Honorable Lisette Shirdan-Harris